UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONNY PHILLIPS,

    *Plaintiff*,

v.                      Case No. 4:18cv139-MW/CAS

MARK S. INCH, et al.,

    *Defendants.*

_____/

## ORDER ON PLAINTIFF'S ADDITIONAL DISCOVERY MOTIONS

This Court has considered, without hearing, Plaintiff's motions for orders deeming defective admissions responses as admitted. ECF Nos. 76, 77, & 79. The motions are **GRANTED in part** and **DENIED in part**. The motions are **DENIED** insofar as Plaintiff moves for this Court to deem effective answers as admissions. They are also **DENIED** as to Plaintiff's motion for sanctions, which may be renewed if necessary. They are **GRANTED** insofar as Defendants responses are defective.

Corizon's responses to Request for Admissions 2 and 3, *see* ECF No. 76 at 2, are defective because Plaintiff seeks admissions relating to "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A). Moreover, in Corizon's response, Corizon explains that "the grievances have been reviewed and it appears Phillips did not exhaust." ECF No. 86, at 2. An appropriate response to Request for Admissions 2 would be "deny."

1

The remaining five responses to the Requests for Admissions at issue in ECF No. 76 are hybrid answers that, for all intents and purposes, provide non-admission admissions—in other words, non-answers. Corizon's responses appear at first blush to be admissions, but those admissions are then tied begrudgingly to a finite record. It appears from Corizon's responses that it provided qualifying language in its response in good-faith and to identify the source of its answers. *See id.* at 4–5 & 7.

Even so, as Wright and Miller remind us, a responding party only has so many options to a request for admission. A responding party can admit, deny, explain why it cannot truthfully admit or deny, object, or admit in part and deny in part a request for admission. *See* 8B Wright & Miller, Fed. Prac. & Proc. Civ. § 2259 (3d ed.); *see also* Fed. R. Civ. P. 36(a)(4). A party responding to a request for admission cannot offer non-answers. Such answers would fly in the face of the purpose of a request for admission, which is "to define and limit the matters in controversy between the parties." *Id.* at § 2252.

Defendant Corizon shall be given an opportunity to cure its defective responses in a timely manner.

Defendant Pagan's answers to 26 requests for admissions at issue in ECF No. 77 are similarly defective. At times, Pagan refers to the record before offering a qualified denial. These are non-answers. Other times, Pagan offers boiler-plate objections to other requests for admission before offering a

qualified denial. These are also non-answers. "If a matter is not admitted, the answer must specifically deny it *or* state in detail why the answering party cannot truthfully admit or deny it. . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis). Defendant appears to both deny and use medical records as a crutch as to a lack of knowledge.

Defendant Pagan shall be given an opportunity to cure its defective responses in a timely manner.

Defendant Centurion's answer to 7 requests for admissions at issue in ECF No. 79 are similarly defective. Centurion offers qualified denials that are non-answers. Centurion also offers boiler-plate objections before qualified denials that are non-answers.

Defendant Centurion shall be given an opportunity to cure its defective responses in a timely manner.

As Defendants embark on curing their responses, they should bear in mind the purpose of requests for admission—to narrow issues by eliminating those that can be eliminated. If few issues can be eliminated through admissions, then those issues will be resolved at a later point. But offering mushy non-answers only complicates and prolongs pre-trial processes.

This Court strongly urges all counsel to confer in-person in a timely fashion to come to rectify the deficiencies laid out above. Defendants shall provide responses to Plaintiff's request for admissions in compliance with this Order and the Federal Rules of Civil Procedure on or before February 22, 2019. Plaintiffs may refile his motion(s) only if Defendants' responses remain defective.

Accordingly,

**IT IS ORDERED:**

Plaintiff's motions, ECF Nos. 76, 77, & 79, are **GRANTED in part** and **DENIED in part**.

**SO ORDERED on January 31, 2019.**

                                        <u>s/Mark E. Walker</u>
                                        **Chief United States District Judge**