## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

DONNY PHILLIPS,

      Plaintiff,

v.

MARK INCH, et al.,

      Defendants.

Case No. 4:18-cv-139-MW/CAS

## PLAINTIFF'S RESPONSE TO DEFENDANT INCH'S
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, DONNY PHILLIPS, through counsel, and responds to the Motion to Dismiss the Second Amended Complaint by Defendants Inch and Gregory, and would show as follows:

1. Defendants' Motion to Dismiss purports to show:

    a. Secretary Jones should be "dismissed" from the lawsuit;

    b. Plaintiff's claims are barred by res judicata or collateral estoppel;

    c. Plaintiff's claims are improperly based on vicarious liability;

    d. Plaintiff has failed to exhaust any claims arising after March 10, 2018.

    e. Plaintiff can't claim compensatory or punitive damages under the ADA.

2. Defendants' motion to dismiss should be denied:

    a. The official capacity suit passes to Secretary Inch without dismissal;

    b. There is no identity of parties or issues between the instant case and the prior case by the same Plaintiff but different defendants and issues;

   c.   The Secretary is the proper party in an action for injunctive relief;

   d.   Plaintiff need not prove exhaustion at this point in the proceedings;

   e.   Plaintiff is due compensation but has not sought punitives as to Inch.

### MEMORANDUM OF LAW

Defendants begin their Fed.R.Civ.P. 12(b)(6) Motion to Dismiss with sections they call "Background" and Statement of Facts." These sections are efforts to re-state the facts in the Complaint but in a way that is garbled and misleading. The best source of the facts to be considered in a Motion to Dismiss a Complaint is still the Complaint itself. The "Background" is improper, an effort to lead the Court outside the four corners of the Complaint and should be completely disregarded.

Motions to dismiss are disfavored and not often granted. See, e.g., *Universal Collision Center Inc. v. Travelers Ind. Co. of Conn*., 2010 WL 2015242, at *1 (N.D. Fla. 2010) (*citing Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969) ("A motion to dismiss on the basis of the pleadings alone should rarely be granted."). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet the plausibility standard, the plaintiff must plead facts that permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A complaint that states a plausible claim for relief survives a motion to dismiss". *Id*. at 679. Federal Rules of Civil Procedure do not require that

allegations be set forth in detail—Rule 8(a) only requires a "short and plain statement" showing plaintiff is entitled to relief— "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord, e.g., Iqbal*, 556 U.S. at 678 (Rule 8(a) does not require "detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (*quoting Twombly*). In reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla. Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

## I.   Secretary Inch Becomes a Party by Operation of Law without Dismissal

Within his Motion to Dismiss, Secretary Inch also moves to substitute Secretary Mark Inch for former Secretary Julie Jones. When an official ceases to hold an office, the official's successor "is automatically substituted as a party." Fed.R.Civ.P. 25(d). However, Secretary Inch also goes on to move to *dismiss* Jones on this basis as part of his Motion to Dismiss. Since Inch is substituted for Jones by operation of the Rule, this is not a proper motion and should be denied.

## II.   No Res Judicata and Collateral Estoppel Bars Relief

As Defendants correctly argue, for *res judicata*, or "claim preclusion" to apply, under Florida law, the following four elements must be present: (1) final judgment on the merits; (2) a decision rendered by a court of competent

jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Thus, Defendants' theory fails.

The parties are not the same. The defendants in the prior suit were a doctor and two corrections officers, sued individually. The defendant here is Secretary Inch, sued in his official capacity as Secretary of the Florida Department of Corrections (FDOC). Nor is there privity. That requires "a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Southwest Airlines Co. v. Texas International Airlines*, 546 F.2d 84, 95 (5th Cir. 1977).[1]

Nor is there an identity of causes of action. The cause of action in the prior case was a constitutional action for damages. The causes of action here are a constitutional action for injunctive relief and a statutory action for violation of the ADA. There is no identity or privity of defendants or identity of actions.[2]

*Res judicata* is the preclusive effect of a judgment in barring the re-litigation of matters that were previously litigated or could have been litigated in a prior suit. *I.A.Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). But

---

[1] Defendant Inch argues that Officers Keen and Pittman were in privity with him because they were FDOC employees and that he could have been sued in the prior action, which was a 42 USC 1983 action for damages. This takes no account of Eleventh Amendment Immunity.

[2] Although the behavior of the medical professionals was similar in the prior suit, the current suit does not litigate the same actions, but rather similar actions undertaken later by other persons.

the doctor and the officers could not have been sued for injunctive relief for future irreparable harm or for violation of the ADA and Rehabilitation Act. And Secretary Inch could not have been sued for damages for an Eighth Amendment violation under 42 U.S.C. 1983. The former issues are not being relitigated, nor could the current issues have been litigated in the previous lawsuit.

Nor do the two actions arise from the "same nucleus of operative fact." *Res judicata* is not a valid defense where, "between the first and second suits, there has been a . . . modification of significant facts creating new legal conditions." *Jaffree v. Wallace*, 837 F.2d 1461, 1469 (11th Cir. 1988) (quoting *Jackson v. DeSoto Parish School Bd.,* 585 F.2d 726, 729 (5th Cir.1978)). A judgment for or against the defendants in the former action would not protect or bind the Secretary in this one.

Defendants recite the standards for res judicata without showing how those standards pertain to the circumstances of the two cases. Defendant Inch never explains how he could have been a defendant in a 1983 damages case in his official capacity or how the former defendants could have been subject to an ADA or injunctive claim. Without investment of the time and rigor to make the connections, the Secretary's argument is like an Escher drawing, where the water flows up-hill or the hand draws itself.

## III.   The Secretary Is Liable for Injunctive Relief by Virtue of Office

Defendant Inch cites a host of primarily damages cases to the effect that

Defendant Inch cannot be named as a defendant in a case for injunctive relief because there is no allegation that he "personally participated in the alleged injuries" and he cannot be found liable on a theory of *respondeat superior*. But where a plaintiff brings an official capacity claim seeking injunctive relief under the *Ex Parte Young* Doctrine, personal action by the defendant is not a necessary condition for injunctive relief against state officers in their official capacity. *Quintanilla v. Bryson*, 730 Fed. Appx. 738, 748 (11th Cir. 2018). A plaintiff may pursue a federal constitutional claim for prospective relief against an official-capacity state defendant who "is responsible for the challenged action" or who, "'by virtue of his office, has some connection' with the unconstitutional act or conduct complained of." 860 F.2d at 1015–16 (*quoting Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441). *Brenner v. Scott*, 999 F. Supp. 2d 1278, 1285 (N.D. Fla. 2014), *order clarified*, 4:14CV107-RH/CAS, 2015 WL 44260 (N.D. Fla. 2015).

The Eleventh Circuit has repeatedly held that such defendants need only "'have some connection with' the unconstitutional act or conduct complained of'" in order to be proper defendants for an injunctive-relief suit under *Ex parte Young*. *Luckey v. Harris*, 860 F.2d 1012, 1015–16 (11th Cir. 1988) (*quoting and citing Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441. For example, in *Grizzle v. Kemp*, 634 F.3d 1314 (11th Cir. 2011), the Eleventh Circuit held that the Secretary of State is a proper defendant in a suit challenging the legality of a state election law—even

though that official cannot implement the relief of changing the law—since he has "both the power and the duty to ensure that [local boards of elections] comply with Georgia's election code," which "'sufficiently connect[s] him with the duty of enforcement' " for the potentially unconstitutional law. *Id*. at 1319 (*quoting Ex Parte Young*, 209 U.S. at 161, 28 S.Ct. 441). The application of *Ex parte Young* in the Eleventh Circuit as well as other circuits does not require personal involvement in the conduct complained of. *Luckey*, 860 F.2d at 1015–16 (*quoting Ex Parte Young*, 209 U.S. at 157, 28 S.Ct. 441); *Braggs v. Dunn*, 257 F. Supp. 3d 1171, 1265–66 (M.D. Ala. 2017); *Greater Birmingham Ministries v. Alabama*, 2:15-CV-02193-LSC, 2017 WL 782776, at *4 (N.D. Ala. Mar. 1, 2017).

## IV.   Plaintiff Need Not Prove Failure to Exhaust at this Stage

Defendants contend Plaintiff failed to fully exhaust the grievance process. Defendants field a theory that the claims made in the December 18, 2018 complaint had to have been exhausted back in March when the original complaint was filed. (DE 112 at 13-14). It should be sufficient simply to say that exhaustion of remedies is an affirmative defense and need not be demonstrated for purposes of a motion to dismiss. As the U.S. Supreme Court stated in *Jones v. Bock*:

> We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. We understand the reasons behind the decisions of some lower courts to impose a pleading requirement on plaintiffs in this context, but that effort cannot fairly be viewed as an interpretation of the PLRA. "Whatever temptations the statesmanship of

policy-making might wisely suggest," the judge's job is to construe the statute-not to make it better. Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L.Rev. 527, 533 (1947). The judge "must not read in by way of creation," but instead abide by the "duty of restraint, th[e] humility of function as merely the translator of another's command." Id., at 533-534. See *217 *United States v. Goldenberg*, 168 U.S. 95, 103, 18 S.Ct. 3, 42 L.Ed. 394 1897) ("No mere omission ... which it may seem wise to have specifically provided for, justif [ies] any judicial addition to the language of the **922 statute"). Given that the PLRA does not itself require plaintiffs to plead exhaustion, such a result "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." *Leatherman*, 507 U.S., at 168, 113 S.Ct. 1160.

*Jones v. Bock*, 549 U.S. 199, 216–17 (2007). The Eleventh Circuit has held, in

*Bryant v. Rich*, 530 F.3d 1368, 1376 (2008) that under some circumstances a

district judge can act as a factfinder as to exhaustion as long as the matter is not

thereby decided on the merits. This is not such a case.

## V.   Plaintiff Is Due Compensation but Does Not Seek Punitives as to Inch

Defendants appear to contend that Plaintiff seeks punitive damages against

Secretary Inch on the Americans with Disabilities Act count. But the only mention

of punitive damages by Plaintiff is in the Prayer for Relief and that specifically

seeks punitive damages only against *individual* defendants. (DE 90 at 32).

As to the issue of compensatory damages, they are certainly available under

the Americans with Disabilities Act and Rehabilitation Act. A plaintiff may recover

compensatory damages on a showing of discriminatory intent, that is, by showing

that a defendant was deliberately indifferent to his statutory rights. *Liese v. Indian*

*River Cnty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir.2012); *McCullum v. Orlando*

*Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014). To establish

deliberate indifference, a plaintiff must show that the defendant "knew that harm to

a federally protected right was substantially likely" and "failed to act on that

likelihood." *Liese*, 701 F.3d at 344.

Where the substantial likelihood of harm is obvious, a jury may infer that the

defendant had actual knowledge of that substantial risk of harm. *See Farmer v.

Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994)

("Whether a prison official had the requisite knowledge of a substantial risk is a

question of fact subject to demonstration in the usual ways, including inference

from circumstantial evidence, and a factfinder may conclude that a prison official

knew of a substantial risk from the very fact that the risk was 'obvious.'").

**VI.    Defendant Errs in Citing Cases Decided on a Completed Record**

The Defendant cites numerous cases in its Motion to Dismiss that were

decided not at the pleading stage but on a completed record, after the parties had

enjoyed a full opportunity for discovery and the evidence had been laid out – so to

speak – on the table. Here, this is misleading. Defendant inappropriately cites these

cases as a basis for a pre-discovery dismissal of the actions. Defendant also uses

hosts of non-precedential cases as though they were authoritative. Normally, when

evaluating a Rule 12(b)(6) motion to dismiss, a district court must accept the

factual allegations of the complaint as true and construe them in the light most

favorable to the plaintiff. *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1223 (11th Cir.2014). *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1111 (S.D. Fla. 2016). A determination whether the Defendants' conduct violated a constitutional right is an issue better addressed on a complete record after the parties have had an opportunity to complete discovery and to submit the issue to the Court on a complete factual record. *Childers v. Florida Gulf Coast Univ. Bd. of Trustees*, 2:15-CV-722-FTM-MRM, 2017 WL 1196575, at *6 (M.D. Fla. Mar. 31, 2017).

## VII.   Conclusion

Based on the above arguments and authority, Plaintiff respectfully requests this Honorable Court DENY the requested relief.

Respectfully submitted,    *s/ James V. Cook*
                           James V. Cook, Esq.
                           Florida Bar Number 0966843
                           Law Office of James Cook
                           314 West Jefferson Street
                           Tallahassee, FL 32301
                           850-222-8080; 850-561-0836 fax
                           cookjv@gmail.com

                           For Plaintiff Phillips

I CERTIFY that, pursuant to Local Rule 7.1(F), the pertinent parts of this Memorandum do not exceed 2477 words.

I CERTIFY the foregoing was served electronically on 1/31/2019, on counsel of record registered to be notified by the CM/ECF electronic mail system.

                                   *s/ James V. Cook*