IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

DONNY PHILLIPS,

    Plaintiff,

                                    CASE NUMBER: 4:18-cv-139-MW-CAS

vs.

JULIE JONES,
CENTURION OF FLORIDA, LLC.,
et al.,

    Defendants.
_____/

### DEFENDANT NURSE PLISKIN'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO NURSE PLISKIN'S MOTION TO DISMISS [DOC. 179]

Defendant, Nurse Pliskin, through undersigned counsel and pursuant to Local Rule 7.1(I), *Local Rules for the Northern District of Florida*, hereby files her Motion for Leave to File Reply to Plaintiff's Memorandum of Law in Opposition to Nurse Pliskin's Motion to Dismiss [Doc. 179]. Extraordinary circumstances exist for the Court's consideration of a Reply for the following reasons:

1. In his Response to Nurse Pliskin's Motion to Dismiss, Plaintiff relies on grievances and grievance appeals submitted well after the initiation of this lawsuit, for the proposition that Plaintiff exhausted administrative remedies. [Doc. 179, pp. 10-11]; [Doc. 180-1, pp. 11-17]. However, a plaintiff must exhaust administrative remedies **before** the filing of a lawsuit, not during the pendency of the lawsuit. *See*, 42 U.S.C. § 1997e; *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). The present lawsuit was initiated on March 1, 2018, and Plaintiff relies on

grievances submitted well into September and October of 2018. [Doc. 1]; [Doc. 179, pp. 10-11]; [Doc. 180-1, pp. 11-17].

2. In his Response to Nurse Pliskin's Motion to Dismiss, Plaintiff makes several factually inaccurate statements about the record and the law, which Nurse Pliskin wishes to correct. For example:

   a. Plaintiff asserts he does not claim he is a paraplegic. [Doc. 179, n. 2]. **This statement is directly contradicted by the clear and unambiguous record. The record is replete with assertions by the Plaintiff, including statements made under oath, that he is a paraplegic. [Doc. 150, ¶1]; [Doc. 150-3, p. 2]; [Doc. 150-5, p. 7]** (Plaintiff's sworn responses to Centurion's Interrogatories affirming under oath that "I am a paraplegic."); **[Doc. 150-6, p. 8]** (Plaintiff's sworn responses to Corizon's Interrogatories affirming under oath that Plaintiff was diagnosed with paraplegia);

   b. Plaintiff asserts that exhaustion of remedies is an affirmative defense which need not be proven on a motion to dismiss. [Doc. 179, at p.4]. **This is an incorrect statement of the law.** Instead, the law is clear that exhaustion is a matter of abatement which must be decided at the motion to dismiss stage. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008);

   c. Plaintiff claims, without legal support, that he "need not formally plead the violation of the First Amendment." [Doc. 179, p. 19]. **This is also an incorrect statement of the law.** *See, Smith v. Mosley,* 532 F.3d 1270 (11th Cir. 2008);

   d. Plaintiff asserts that Nurse Pliskin is not entitled to qualified immunity because she is employed by a private company. [Doc. 179, p. 21]. **This is yet another incorrect statement of the law.** Nurse Pliskin requests an opportunity to respond.

   e. Plaintiff asserts certain requirements specifically mandated by the DOC rules for proper exhaustion of remedies are "not an essential part of the exhaustion process." [Doc. 179, p. 7]. **This is also an**

      **incorrect statement of the law.** The DOC rules requiring one single issue be raised per grievance and requiring a two/three step process for exhaustion are clear and unambiguous;

f. Plaintiff asserts that Centurion withdrew its defense of failure to exhaust administrative remedies. [Doc. 179, n. 1]. **This is factually inaccurate.** What really occurred is that Centurion and Plaintiff had a good faith conference and Centurion withdrew *a small portion* of its argument of failure to exhaust remedies. [Doc. 54] (withdrawing argument raised in Motion to Dismiss that dismissal is proper because Plaintiff failed to exhaust his administrative remedies *as it relates to the unspecified medical condition which causes incontinence of bladder and bowel*, and expressly stating that all other arguments contained in the Motion to Dismiss are not withdrawn and remain pending for the Court's consideration);

For all of these reasons, Nurse Pliskin respectfully requests the opportunity to file a Reply to Plaintiff's Response in Opposition to her Motion to Dismiss.

## **MEMORANDUM OF LAW**

Local Rule 7.1(I) provides that no replies shall be filed unless the Court grants leave for filing of the same, when extraordinary circumstances exist. Local Rule 7.1(I), *Local Rules for the Northern District of Florida*. Extraordinary circumstances exist, as outlined above.

The purpose of a lawsuit is to arrive at the truth of certain allegations. This process becomes difficult, if not impossible, when the record becomes invaded with incorrect statements of law and fact. Nurse Pliskin would like an opportunity to set the record straight regarding the issues raised in this Motion.

{Firm/11040/00051/PLEADING/02117493.DOC }

Finally, Nurse Pliskin hereby advises the Court and the parties that, if granted an opportunity to file her Reply in order to repair the record, Nurse Pliskin intends to do so in a professional and courteous manner, unlike that of Plaintiff in his Response in Opposition to Nurse Pliskin's Motion to Dismiss.

Nurse Pliskin requests fifteen (15) days within which to file her Reply, which Nurse Pliskin anticipates will consist of ten (10) pages or less.

## **LOCAL RULE 7.1(B) CERTIFICATE**

Undersigned counsel hereby certifies that she has complied with the attorney-conference requirement of Local Rule 7.1(B), and that counsel for the Plaintiff does not object to the relief requested in this Motion.

## **LOCAL RULE 7.1(F) CERTIFICATE**

Undersigned counsel hereby certifies that the word processing program undersigned counsel used to prepare this Motion shows that the entire Motion for Leave to File Reply contains a total of 1,180 words.

**WHEREFORE**, Defendant, Nurse Pliskin, respectfully requests that this Honorable Court enter an Order granting her Motion for Leave to File Reply, and granting such other relief in favor of this Defendant as this Court deems just and proper.

DATED this 2nd of April, 2019.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

_/s/ Ana C. Françolin Dolney_____
**ANA C. FRANÇOLIN DOLNEY, ESQUIRE**
Florida Bar No.: 0023162
121 S. Orange Avenue, Suite 1500
Orlando, Florida  32801
Tel:  407-730-3535
Fax: 407-730-3540
Email:FLCourtFilings@cmlawfirm.com
afrancolin@cmlawfirm.com
*Attorneys for Defendant Nurse Pliskin*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on the 2nd of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via email to Guy S. DiMartino, Esq., gsd@gsdimartino.com, because to date, Plaintiff has not made an appearance in the instant lawsuit.

_/s/ Ana C. Françolin Dolney_____
**ANA C. FRANÇOLIN DOLNEY, ESQ.**
Florida Bar No.: 0023162

**SERVICE LIST**
**Donny Phillips**
**CASE NO. 4:18-cv-139-MW-CAS**
**United States District Court, Northern District of Florida**

**Donny Phillips, c/o James Cook, Esq.**, Office of James Cook, 314 West Jefferson Street, Tallahassee, Florida 32301. Served via email to cooksjv@gmail.com.

**Erik Kverne, Esq.**. **Jeremy Mutz, Esq.**, Office of the Florida Attorney General, The Capitol, 400 S. Monroe Street, Tallahassee, Florida 32399, erik.kverne@myfloridalegal.com   Jeremy.mutz@myfloridalegal.com

**Gregg A. Toomey, Esq.**, Toomey Law Firm, The Old Robb & Stucky Building, 1625 Hendry Street, Suite 203, Fort Myers, Florida 33901. Served via email at gat@thetoomeylawfirm.com.