# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

DONNY PHILLIPS,

      *Plaintiff,*

v.                                        Case No. **4:18cv139-MW/CAS**

MARK S. INCH, et al.,

      *Defendants.*

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This Court has considered, without hearing,[1] Plaintiff Donny Phillips's motion for preliminary injunction against Defendant Inch and Defendant Centurion. ECF No. 150. Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

## I

First, this Court addresses the issue of exhaustion of administrative remedies. Both Defendants bring up this issue in their responses opposing Plaintiff's motion for preliminary injunction. *See* ECF No. 174, at 11–12. ECF No. 177, at 7–8. Only Centurion provides any detail for the basis of this argument; namely, that Plaintiff failed to exhaust his administrative remedies

---

[1] This Court held a scheduling conference on April 15, 2019. There, the parties agreed to rely on their papers and not hold a preliminary injunction hearing.

"before raising the issue of cellulitis in this lawsuit." ECF No. 177, at 7. This cellulitis-based argument does not comport with existing law.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has held that "brought" means the filing of a lawsuit. *Harris v. Garner*, 216 F.3d 970, 974 (11th Cir. 2000) (en banc); *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that inmates must comply with department of corrections' grievance procedures "before filing a federal lawsuit").

Here, Plaintiff indicated in his motion for preliminary injunction that cellulitis is a relatively recent injury, appearing in the latter half of 2018 only after "[u]rine sores exposed to fecal bacteria have created the conditions for sepsis over the last several months of 2018, resulting in cellulitis . . ." ECF No. 150, at 2. Plaintiff in his deposition explains he was diagnosed with cellulitis some time in late 2018. ECF No. 174, Ex. 1, at 119. Centurion's expert recognizes the existence of at least one episode of cellulitis based on his review of Plaintiff's medical records and *2019* photographs. ECF No. 177, Ex. 1, at 2–3. Plaintiff did not plead cellulitis in his March 2018 complaint because it had not yet been diagnosed. As for grievances, Plaintiff is not required to file a new grievance each time his condition deteriorates. Plaintiff grieved Defendants' failure to provide him with sufficient medical and hygiene supplies and thus

2

he has exhausted the claim before this Court. Through Centurion's reasoning, a prisoner must restart the exhaustion clock and file a new grievance with each new injury even if the injuries are progressive. That is simply not what precedent or the PLRA requires.

## II

Next, this Court addresses each of the requirements for a motion for preliminary injunction. To succeed on a motion for preliminary injunction, Plaintiff bears the burden of showing he has a substantial likelihood of success on the merits, an injunction is necessary to prevent irreparable harm, the balance of the equities tip in favor of the movant, and the injunction would serve the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Plaintiff has for his Eighth Amendment claim.

## A

Plaintiff is substantially likely to succeed on the merits of his claim. The Constitution's Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments" on prisoners. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). This prohibition encompasses "deprivations . . . not specifically part of [a] sentence but . . . suffered during imprisonment." *Id*. at 297. As a result, an inmate who suffers "deliberate indifference" to his "serious medical needs" may state a claim for a violation of the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976). To prevail on a claim of deliberate indifference, Plaintiff must show (1) a serious medical need, (2) Defendants' deliberate indifference to that need, and (3) causation between Defendants' indifference and Plaintiff's injuries. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

At the preliminary injunction stage, this Court may weigh the credibility of witnesses and written testimony. *See, e.g.*, *Imaging Bus. Machs., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006) (explaining that "the district court could consider the credibility of witnesses and was not limited to resolving any disputed issues of fact in the light most favorable" to the party seeking a preliminary injunction).

This case boils down to Plaintiff's testimony—corroborated by multiple affidavits, photographs, and a medical expert—that he is regularly forced to sit in wet and soiled diapers for long periods of time because he has an inadequate supply of diapers and other hygiene supplies and limitations on his access to toilet and shower versus the testimony of Defendant's expert that Plaintiff is receiving adequate medical and hygienic supplies. This dispute does not turn on the type of medical treatment to be provided but whether the medical treatment is being provided.[2]

---

[2] Consider this hypothetical. A doctor prescribes a sick prisoner two pills per day to help treat a malady that no one disputes exists. The prisoner says he only receives one pill per day. The doctor says he gives the prisoner two pills per day. The issue before a court would be whether

Everyone agrees that Plaintiff should not be forced to sit in wet diapers for long periods of time. *See*, *e.g.*, ECF No. 174, at 1 ("On their face, the grounds in the Plaintiff's Motion are troubling and raise humanitarian concerns that would, if true, shock the conscience of any reasonable and compassionate person."). Centurion's expert agrees. He identifies how "urinating and defecating into a diaper multiple times a day is neither ideal nor should it be the goal" and will "undoubtedly lead to skin problems." ECF No. 177-1 at 3.

The issue is who does this Court believe. This Court has watched Plaintiff's video deposition and found his testimony credible. Plaintiff says he regularly runs out of diapers, ointment, wipes, and other medical and hygienic supplies and is regularly denied access to the bathroom and shower in order to clean himself. *See generally* ECF No. 174, Exs. 1 & 2. "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (internal quotation marks omitted). "In the alternative, a serious medical need is determined by whether a delay in treating the need worsens the condition." *Id*. (citation omitted). "[T]he medical need must be one that, if

the prisoner receives one or two pills a day. In doing so, the court must weigh whose testimony is credible. This is exactly what this case is about.

left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

Here, Plaintiff's expert explains that a delay in treatment will worsen Plaintiff's condition. The expert explains that Plaintiff's "inability to maintain good hygiene has resulted in multiple bouts of infection (cellulitis) both bacterial and fungal." ECF No. 150-3, at 2–3. "Each bout of cellulitis may cause further damage to an already impaired circulatory system, which in turn may lead to further edema and further difficulty maintaining skin and limb viability, ultimately with the potential requiring amputation," he details. ECF No. 150-3, at 3; *see also id.* at 4–6 (photographs of skin deterioration due to venous insufficiency, cellulitis, and venous stasis ulcers). Taken further, this inability to maintain good hygiene can result in sepsis or even death. Clearly, a delay in treating Plaintiff's condition will worsen it.

Plaintiff's testimony and other evidence also indicates a serious medical need. For example, Plaintiff has stated under oath that his cellulitis is getting worse—not better. ECF No. 174, Ex. 1, at 182. Multiple other inmates have observed Plaintiff being forced to sit in wet diapers or being without diapers or wipes. *See*, *e.g.*, ECF No. 152-2, at 6 (Plaintiff "said he had no diapers or medical wipes until after the Thanksgiving holiday weekend"); at 10 ("he has to sit with urin [sic] still on him and get burns"); at 16 (witnessing Plaintiff "suffering serious pain from sitting in urine for long periods of time"); *and* at

29 ("he was trying to clean himself up in the bathroom sink with his washcloth because they refused to give him sanitary wipes, or even toilet paper"). Even more, multiple people have observed Plaintiff's bleeding and sores. *See*, *e.g.*, *id*. at 18 ("continuous bleeding in his diapers"), at 21 ("serious pain from open bleeding wounds"); at 29 ("I have witnessed Phillips changing wet, bloody diapers late in the night"). These individuals do not include Plaintiff, of course, who testifies to the same. *See*, *e.g.*, ECF No. 174, Ex. 1, at 25, 45, 61, 68, *and* 76. Again, this Court finds Plaintiff's testimony credible, which it may do at the preliminary injunction stage.

Defendant Inch's evidence in the form of surveillance videos does not undercut Plaintiff's serious medical need. Defendant argues that the videos of Plaintiff rolling around the prison facility and laying in bed on a single day without any "visible" or "apparent distress" is evidence that he does not need the relief he seeks. ECF No. 174, at 2–3. But apparent or visible distress is not the standard for a serious medical need. One can roll in a wheelchair or lay in a bed even while facing a serious medical need.

Next, Plaintiff must show that Defendants were deliberately indifferent to his serious medical need. He must show Defendant's "subjective knowledge of a risk of serious harm and Defendant[s'] disregard of that risk by conduct that is more than mere negligence." *Hoffer v. Jones*, 290 F. Supp. 3d 1292, 1299 (N.D. Fla. 2017) (citing *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326–27 (2007)).

The Eleventh Circuit has detailed several types of conduct that rises beyond mere negligence:

> (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying treatment for non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all.

*Baez v. Rogers*, 522 F. App'x 819, 821 (11th Cir. 2013) (unpublished).   Here, Defendant simply argues that Plaintiff is not, in fact, wallowing in his own urine and excrement. *E.g.*, ECF No. 174, at 2 & 5. But the record is littered with examples of Defendants' conduct that rises above mere negligence. For example, Plaintiff testifies he was denied ointment for his cellulitis even though "they have clear knowledge, they have clear knowledge that I've caught cellulitis." ECF No. 174, Ex. 1, at 45; *see also id.* at 68 (stating prison staff denied Plaintiff access to medical and hygienic supplies "with knowledge" of his condition).

Moreover, Defendant Inch argues that Plaintiff's diaper situation is not actionable because he has been receiving his diapers. ECF No. 174, at 7. But Plaintiff explains his diaper situation has only improved in recent times because he is able to receive diapers from other inmates' surplus diapers. ECF No. 174, Ex. 1, at 45. Other inmates fill the gaps in Plaintiff's diaper access. Absent these inmates, Plaintiff would be without sufficient access to diapers.

Centurion makes the blanket argument that there "is certainly no evidence in the record" of deliberate failure to provide treatment. ECF No. 177, at 6. Not so. The record is full of episodes in which Defendants and Defendants' staff members actively denied Plaintiff sufficient medical and hygienic supplies. Centurion fails to address this evidence in any substantive way. Instead, Centurion would have this Court discount the other prisoners' affidavits because they have "no medical training or experience" and thus "carry little to no weight." ECF No. 177, at 9–10.

Finally, causation. "The final requirement for a deliberate indifference claim is that a defendant have a causal connection to the constitutional harm." *Goebert*, 510 F.3d at 1327. Again, the record is replete with examples of Defendants' staff directly causing Plaintiff's serious medical need. For example, Plaintiff states he got cellulitis by being denied access to a bathroom to clean himself and his soiled diapers. ECF No. 174, Ex. 1, at 23 & 26. Both experts agree that urinating and soiling diapers can cause skin problems. *See* ECF No. 150-3, at 2–3; ECF No. 177-1 at 3. Plaintiff has more than satisfied the causation prong.

In short, after reviewing the full record and finding Plaintiff's testimony credible as this Court can at this stage, this Court concludes Plaintiff is substantially likely to succeed on the merits of his deliberate indifference claim.

9

**B**

Plaintiff has successfully satisfied the other prongs necessary for a preliminary injunction. Absent a preliminary injunction as to medical and hygienic supplies, irreparable injury will follow. "[I]njunctive relief is appropriate 'to prevent a substantial risk of serious injury from ripening into actual harm.'" *Thomas v. Bryant*, 614 F.3d 1288, 1318 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1994)).

Here, Plaintiff's expert explains that future cellulitis can cause further damage that will increase the risk for sepsis, amputation, or death. ECF No. 150-3, at 2–3. Future cellulitis can be prevented by proper medical and hygienic supplies. *Id*. Absent these supplies, irreparable injury can follow. Except by asserting Plaintiff has an adequate supply, Defendants do not rebut the existence of a severe risk of irreparable harm.

The balance of the equities also favors Plaintiff. The amount Defendants would spend for an appropriate amount of medical and hygienic supplies is trivial. For Plaintiff, it could mean the difference between life and death. Finally, it is obviously in the public interest for Plaintiff to receive an appropriate level of medical and hygiene supplies. No one seriously disputes this—nor can they.

## III

Plaintiff has not carried his burden on other requested relief—specifically, his request to be placed in a supportive and rigorously professional hospital environment until his cellulitis is completely healed, his request for a hospital bed and ability to elevate his legs, and his request to be moved to an "over 50" camp for inmates who suffer serious disabilities.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's motion for preliminary injunction, ECF No. 150, is **GRANTED in part** and **DENIED in part**.

2. It is **GRANTED** insofar as Defendants shall provide Plaintiff with five or more diapers per day (as needed), barrier cream, antiseptic soap, medical wipes, and replenish the same as they run out, and bathroom and shower passes. It is **DENIED** in all other respects.

3. Defendants shall jointly file to this Court a certification of compliance within seven days of this Order, and on the first day of every month beginning June 1, 2019.

**SO ORDERED on April 19, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**