## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

DONNY PHILLIPS,

      Plaintiff,

                              CASE NUMBER: 4:18-cv-139-MW-CAS

vs.

JULIE JONES,
CENTURION OF FLORIDA, LLC.,
et al.,

      Defendants.

_____/

### DEFENDANTS' JOINT MOTION TO STRIKE IMPROPER EVIDENCE RELATING TO MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE MOTION TO FILE SUR-REPLY TO ADDRESS SUCH EVIDENCE

Defendants, Mark S. Inch, Labridia Gregory, Sonya Crutchfield, Centurion of Florida, LLC, Dr. Pagan-Delgado, Lucy Franklin, LPN, Linda Cort, and Mary Elizabeth Pliskin, ARPN (collectively the "Defendants"), by and through their respective undersigned counsel, hereby jointly move to strike the deposition of Plaintiff's expert, Dr. Kern, filed in support of Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration. In the alternative, Defendants respectfully request that they be allowed an opportunity to address Dr. Kern's deposition testimony through the filing of a Sur-Reply. In support of this Motion, Defendants state as follows:

1.      On March 1, 2019 Plaintiff filed a Motion for Preliminary Injunction [Doc. 150].

2.      Defendants' filed their respective responses in opposition to Plaintiff's Motion for Preliminary Injunction, including the evidence Defendants relied upon. [Doc. 174]; [Doc. 177].

3.      Plaintiff's Motion for Preliminary Injunction did not rely on Dr. Kern's deposition testimony. [Doc. 150].

4.      Additionally, none of Defendants' responses in opposition to Plaintiff's Motion for Preliminary Injunction relied upon Dr. Kern's deposition testimony. [Doc. 174]; [Doc. 177].

5.      In short, Dr. Kern's deposition testimony was not part of the record of Plaintiff's Motion for Preliminary Injunction. [Doc. 150]; [Doc. 174]; [Doc. 177].

6.      On April 19, 2019, the Court issued a ruling on Plaintiff's Motion for Preliminary Injunction, granting the Motion in part, and denying the Motion in part. [Doc. 198].

7.      On May 17, 2019, Defendants filed a Motion for Reconsideration of the Court's Order granting in part Plaintiff's Motion for Preliminary Injunction. [Doc. 220].

8.      On May 28, 2019, Plaintiff filed his Response in Opposition to Defendants' Motion for Reconsideration. [Doc. 230]. In support of Plaintiff's Response in Opposition, Plaintiff filed, and relied upon, the deposition testimony of Dr. Kern. [Doc. 230-1].

9.      However, Dr. Kern's deposition testimony was not part of the record of Plaintiff's Motion for Preliminary Injunction,[1] and therefore should not be part of the record of Defendants' Motion for Reconsideration. [Doc. 150]; [Doc. 174]; [Doc. 177].

10.     To the extent that Plaintiff's Response in Opposition to Defendants' Motion for Reconsideration relies on Dr. Kern's deposition testimony, those portions should be stricken and not considered by the Court. Similarly, Dr. Kern's deposition transcript, which was filed as [Doc. 230-1], should be stricken and not considered by this Court when adjudicating Defendants' Motion for Reconsideration.

11.     Alternatively, should the Court be inclined to consider Dr. Kern's deposition testimony when adjudicating Defendants' Motion for Reconsideration, Defendants respectfully request the opportunity to address this evidence through

---

[1] The reason Dr. Kern's deposition testimony was not part of the record of Plaintiff's Motion for Preliminary Injunction was likely due to timing – Dr. Kern's deposition transcript was not available to the parties at the time the Motion for Preliminary Injunction was being briefed by the parties.

the filing of a Sur-Reply. Because Dr. Kern's deposition testimony was not part of the record, Defendants never had an opportunity to address it.

12.    Defendants estimate that a 10 page Sur-Reply will be sufficient to address Dr. Kern's deposition testimony. Finally, Defendants request 15 days to file the Sur-Reply, should the Court decide to consider Dr. Kern's deposition testimony.

13.    Plaintiff does not oppose the filing of this Motion, however opposes the relief requested in the Motion.

## LOCAL RULE 7.1(B) CERTIFICATE

Undersigned counsel hereby certifies that she has complied with the attorney-conference requirement of Local Rule 7.1(B), and that counsel for the Plaintiff objects to the relief requested in this Motion.

## LOCAL RULE 7.1(F) CERTIFICATE

Undersigned counsel hereby certifies that the word processing program undersigned counsel used to prepare this Motion shows that the entire Motion contains a total of 978 words.

**WHEREFORE**, Defendants, Mark S. Inch, Labridia Gregory, Sonya Crutchfield, Centurion of Florida, LLC, Dr. Pagan-Delgado, Lucy Franklin, LPN, Linda Cort, and Mary Elizabeth Pliskin, ARPN, respectfully request that this

Honorable Court enter an Order striking the portions of Plaintiff's Response in Opposition to the Motion for Reconsideration which rely on, or otherwise cite to, Dr. Kern's deposition testimony, striking Dr. Kern's deposition transcript altogether as an exhibit to Plaintiff's Response in Opposition to the Motion for Reconsideration, or in the alternative granting Defendants 15 days to file a 10 page Sur-Reply to address Dr. Kern's deposition testimony, and granting such other relief in favor of these Defendants as this Court deems just and proper.

DATED this 28th day of May, 2019.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_/s/ Ana C. Françolin Dolney_____
**ANA C. FRANÇOLIN DOLNEY, ESQ.**
Florida Bar No.: 0023162
121 S. Orange Avenue, Suite 1500
Orlando, Florida  32801
Tel:  407-730-3535
Fax: 407-730-3540
Email:FLCourtFilings@cmlawfirm.com
afrancolin@cmlawfirm.com

ASHLEY MOODY
ATTORNEY GENERAL

/s/  Jeremy A. Mutz_____
JEREMY A. MUTZ
Senior Assistant Attorney General
Florida Bar No. 0721026

Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3636
Jeremy.Mutz@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 28th of May, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_/s/ Ana C. Françolin Dolney_
**ANA C. FRANÇOLIN DOLNEY, ESQ.**
Florida Bar No.: 0023162

## SERVICE LIST
**Donny Phillips**
**CASE NO. 4:18-cv-139-MW-CAS**
**United States District Court, Northern District of Florida**

**Donny Phillips, c/o James Cook, Esq.**, Office of James Cook, 314 West Jefferson Street, Tallahassee, Florida 32301. Served via email to cooksjv@gmail.com.

**Erik Kverne, Esq.. Jeremy Mutz, Esq.**, Office of the Florida Attorney General, The Capitol, 400 S. Monroe Street, Tallahassee, Florida 32399, erik.kverne@myfloridalegal.com   Jeremy.mutz@myfloridalegal.com

**Gregg A. Toomey, Esq.**, Toomey Law Firm, The Old Robb & Stucky Building, 1625 Hendry Street, Suite 203, Fort Myers, Florida 33901. Served via email at gat@thetoomeylawfirm.com